STRALEY v. POLIFRONIO.

1. VENDOR AND PURCHASER—EXECUTION OF LAND CONTRACT—MENTAL COMPETENCY—EVIDENCE.

  In suit to foreclose one land contract and have a subsequent one between the same parties declared void because of mental incompetency of vendor when latter contract was executed, record *held*, to contain sufficient evidence of competency to support finding of trial judge that vendor was mentally competent to execute the later contract.

2. SAME—SUBSTITUTION OF CONTRACTS—ACCELERATION OF PAYMENT.

  Trial court's finding that an earlier land contract was supplanted by a subsequent one calling for payment of a lesser principal sum *held*, supported by evidence that vendor was in need of cash and that there was an acceleration of payment.

3. SAME—CONSIDERATION FOR NEW CONTRACT—ACCELERATION OF PAYMENT.

  Acceleration of payment of deferred payments in a land contract is sufficient consideration for reduction of amount due thereunder.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 5, 1940. (Docket No. 33, Calendar No. 41,157.) Decided October 24, 1940.

Bill by Russell M. Straley, administrator of the estate of Zorena D. Jones, deceased, against Sam Polifronio and wife to set aside a conveyance of property and to foreclose a land contract. Bill dismissed. Plaintiff appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal* (*Smedley & Stribley*, of counsel), for plaintiff.

*Harry W. Jackson*, for defendants.

Rescission of contract by subsequent contract, see 2 Restatement, Contracts, § 408.

Bushnell, C. J. Plaintiff is the administrator of the estate of Zorena D. Jones, deceased. Mrs. Jones, a widow,.held title to certain property in the county of Muskegon, as the survivor of her husband and herself. It is claimed that Mr. Jones had sold this property on land contract to defendant Sam Polifronio, and that on October 31, 1933, after Jones' death, Mrs. Jones and Polifronio entered into an agreement to cancel the existing land contract and make a new one wherein Polifronio agreed to purchase the property for $2,087, with interest at six per cent. on unpaid principal. Defendants paid interest on the land contract to September 27, 1934, and then failed to make any further payments on principal or interest. Proofs were introduced that, during the last years of her life, Mrs. Jones was in a weak condition, bedridden, and unable to read. Several years before her death there appeared some possibility that a mortgage on her home would be foreclosed. The Polifronio contract was in default, no moneys were being received, and Mrs. Jones was in need of funds. A discussion with the Polifronios resulted in an offer on their part to pay $230 if they could obtain a new contract. A new contract was made on August 22, 1936, in which the former purchase price was reduced to $800, with the payment of $230, and the balance in two annual payments of $285 each, with six per cent. interest thereon.

Plaintiff sought to foreclose the 1933 contract and have the 1936 contract declared void on the ground that Mrs. Jones was mentally incompetent when it was executed, and that it was without consideration.

Considerable testimony was received as to the competency of the vendor, some of the witnesses testifying that she was incompetent and others saying she was able to understand and comprehend her affairs and give directions regarding her wants.

The trial judge held that plaintiff had failed to sustain the burden of proof as to incompetency and determined that Mrs. Jones possessed sufficient mentality to understand the effect of the transaction. As to lack of consideration, the court held that defendants, being in arrears, although the payment of $230 on the new contract was less than the amount of the arrearage and the reduction in the purchase price, nevertheless defendants became obligated to pay a greater sum between the date of the new contract and the date the last payment would become due than they were required to pay during the same period of time under the old contract. The court held that the old contract had been rescinded and a new one entered into supported by valid consideration. Plaintiff appeals from a decree dismissing his bill of complaint.

There is sufficient evidence of competency in the record to support the finding of the trial judge, and we will not substitute our judgment for his.

The record shows that Mrs. Jones was in need of cash, had reason to believe that defendants would fail to perform the old contract, and that she wanted them to stay on. There was evidence to support the court's finding that the 1933 contract was supplanted by the new agreement of the parties. The acceleration of payment was consideration for the new contract.

The decree is affirmed, with costs to appellees.

SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.